**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**BRANDON A. LINDSEY, # M-38201,**

**Plaintiff,**

**vs.**

**IDOC,**
**PAT QUINN,**
**S.A. GODINEZ,**
**ROBERT HILLIARD,**
**and LARUE LOVE,**

**Defendants.**

**Case No. 14-cv-1247-MJR**

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving sentences for two drug offenses. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining that he is being subjected to unsanitary conditions of confinement. As Defendants, he names the Illinois Department of Corrections ("IDOC"), Governor Pat Quinn, IDOC Director S.A. Godinez, Vienna Warden Robert Hilliard, and Vienna Assistant Warden Larue Love.

According to the complaint, Plaintiff arrived at Vienna on August 9, 2013, and was placed in Building 19 (Doc. 1, p. 6). He was moved to another unit on September 28, 2013, but was moved back to Building 19 on April 21, 2014, and remains there. The conditions in Building 19 include infestation with rodents, spiders, and other bugs. Plaintiff has awakened from sleep to find bugs crawling on him and in his hair. Windows near Plaintiff's bunk are broken and have no screens; Plaintiff has to cover these windows with cut up boxes to keep

warm. The building has mold, pipes are rusted out, water drips from the bathroom ceiling onto Plaintiff's head, and the shower drain clogs so that he must stand in "sewer water" full of bacteria and hair. *Id*. There are only four working toilets for 104 inmates in the unit. The building has asbestos, which causes Plaintiff to fear for his health. His mattress is old, stained, and "rusted out." *Id*. The filthy conditions extend to the dining hall, where on September 14, 2014, the cereal served to inmates contained bugs.

Plaintiff seeks money damages, as well as an order to close the building until all repairs are made and require the prison to limit the number of inmates housed there to 925, which he claims is the institution's capacity (Doc. 1, p. 7).

**<u>Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Although Plaintiff's statement of claim contains sufficient facts to indicate that the objective conditions of his confinement may violate Eighth Amendment standards, it does not survive § 1915A review. The complaint (Doc. 1) shall thus be dismissed. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may constitute "cruel and unusual punishment" in violation of the

Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). However, in addition to this objective component, the Eighth Amendment has a subjective factor as well. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted; in other words, the state of mind of the defendant. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, this is deliberate indifference to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff's complaint outlines several objective conditions sufficient to trigger Eighth Amendment scrutiny. However, while he has named several individual Defendants, Plaintiff's factual statement fails to indicate that any of these individuals were made aware of the conditions under which he was housed, let alone that they deliberately allowed those conditions to persist once they were informed about the risk to Plaintiff's health.

Plaintiff claims to have filed grievances over his housing conditions, and attaches

one of them which he filed on June 22, 2014 (Doc. 1, pp. 11-12). The response denying that grievance was reviewed and signed by Randy Davis (a former Vienna Warden, who is not named as a defendant herein) on June 30, 2014 (Doc. 1, p. 10). Nowhere does Plaintiff suggest that he directed any complaint, grievance, or request for assistance to current Warden Defendant Hilliard, to Defendant Love, or to any other official at Vienna who may have had responsibility to correct the unsanitary conditions. The same is true as to Defendants Quinn and Godinez. A defendant cannot be found to have been deliberately indifferent to a risk of harm unless he knew about the risk, yet failed to act to mitigate it. Plaintiff has not made this showing as to any of the individual Defendants, thus he has failed to state an Eighth Amendment claim against them upon which relief may be granted.

Plaintiff should also note that a defendant who is a supervisor (such as a warden or director) cannot be held liable in a civil rights case merely because he or she is in a position of authority. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). The complaint does not indicate that any of the Defendants was personally responsible for the conditions Plaintiff describes.

Further, Plaintiff cannot maintain a civil rights claim for damages against the Illinois Department of Corrections. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir.

2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Should the Court grant a request for injunctive relief, either the warden or another of the individual Defendants can be ordered to implement it. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). The IDOC shall thus be dismissed as a Defendant in this action.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be held in abeyance pending the receipt of an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **ILLINOIS DEPARTMENT of CORRECTIONS ("IDOC")** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before January 5, 2015). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 14-cv-1247-MJR. As to each claim in the complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 26, 2014**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court