IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON A. LINDSEY, # M-38201, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1247-MJR |
| ) | |
| RANDY DAVIS, ) | |
| LARUE LOVE, ) | |
| and ROBERT HILLIARD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

      This matter is before the Court for a preliminary review of the First Amended Complaint (Doc. 8), pursuant to 28 U.S.C. § 1915A. Plaintiff filed the amended pleading at the direction of the Court, after his original complaint was dismissed without prejudice for failure to state a claim (Doc. 7). Under § 1915A, the Court is required to review the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

      Plaintiff's claims arose during his incarceration at Vienna Correctional Center ("Vienna"). He complains that Defendants have subjected him to unsanitary conditions of confinement in violation of the Eighth Amendment. Specifically, he states that he arrived at Vienna on August 9, 2013, and was placed in Building 19 (Doc. 8, p. 5). He was moved to another unit on September 28, 2013, but was moved back to Building 19 on April 21, 2014, and remains there. The conditions in Building 19 include infestation with rodents, spiders, and other bugs. Plaintiff has awakened from sleep to find bugs crawling on him and in his hair. Windows

near Plaintiff's bunk are broken and have no screens; Plaintiff has to cover these windows with cut up boxes to keep warm.  The building has mold, pipes are rusted out, water drips from the bathroom ceiling onto Plaintiff's head, and the shower drain clogs so that he must stand in "sewer water" full of bacteria and hair.  *Id*.  He is exposed to lead paint in the bathrooms and stairwells.  There are only four working toilets for 104 inmates in the unit.  The building has asbestos, which causes Plaintiff to fear for his health.  His mattress is old, stained, and "rusted out."  *Id*.  The filthy conditions extend to the dining hall, where on September 14, 2014, the cereal served to inmates contained bugs.  The day room lacks sufficient seating, so inmates must sit on boxes.

Plaintiff says that former warden Defendant Davis, current warden Defendant Hilliard, and assistant warden Defendant Love, were all made aware of the living conditions in Building 19, but have done nothing to correct the problems.  Plaintiff's grievances have been denied and not taken seriously by the Defendants.

Plaintiff seeks money damages, as well as an order to close the building until all repairs are made and require the prison to limit the number of inmates housed there to 925, which he claims is the institution's capacity (Doc. 8, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a

substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deprive inmates of adequate sanitation and the ability to maintain personal hygiene. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer*, 511 U.S. at 834; *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). The alleged vermin infestation of Plaintiff's living area, especially when combined with the other unhealthy and dangerous conditions prevailing in Building 19, may give rise to an Eighth Amendment claim even if Plaintiff has not suffered specific physical harm. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

Unlike in the original complaint, Plaintiff has alleged in the First Amended Complaint that he made each Defendant aware of the problems in Building 19, but they took no steps to remedy these problems. Therefore, Plaintiff will be allowed to proceed with his deliberate indifference claims against Defendants Davis, Love, and Hilliard. Further factual

development will determine whether he can sustain his allegations that the Defendants knew about the risks to Plaintiff's health, yet failed to take appropriate remedial action.

In the original threshold order (Doc. 7), the Court dismissed Defendant Illinois Department of Corrections ("IDOC") from the action with prejudice. Nonetheless, Plaintiff included the IDOC as a named Defendant in the caption of the First Amended Complaint. He did not mention the IDOC elsewhere in the document. Plaintiff is **REMINDED** that the IDOC as a separate entity is no longer a party to this case, and he should omit the former Defendant IDOC from any future pleadings or motions he may file.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for disposition.

### Disposition

The Clerk is **DIRECTED** to again **TERMINATE** the Illinois Department of Corrections as a party to this case, according to the order (Doc. 7) that dismissed the IDOC with prejudice.

The Clerk of Court shall prepare for Defendants **DAVIS, LOVE,** and **HILLIARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the

Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 22, 2015**

                                              s/ MICHAEL J. REAGAN
                                              Chief Judge
                                              United States District Court